UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TESSIEJARRA MACK,

Plaintiff,

v.

SACRAMENTO COUNTY MAIN JAIL, *et al.*,

Defendants.

Case No. 2:25-cv-3455-DJC-JDP (PS)

ORDER

Plaintiff Tessiejarra Mack brings this action against defendants Sacramento County Main Jail, Sacramento Sheriff Jim Cooper, and the California Department of Public Health. I will dismiss the complaint and provide plaintiff with an opportunity to file an amended complaint. I will also grant plaintiff's *in forma pauperis* application, which makes the required showing.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff was the mother of Smiley Martin IV, who passed away on June 8, 2024, while housed at the Sacramento County Jail. ECF No. 1 at 5. Plaintiff alleges that Martin was involved in a fatal shooting that occurred in 2022 and that he had successfully brought suit against the Jail. *Id.* An officer involved in that lawsuit was employed at the Jail when Martin passed away.

While the factual allegations are limited, what is evident from the filing is that the statute of limitations has expired. Plaintiff alleges that her son passed away June 2024, yet she did not file this lawsuit until October 2026. California state law prescribes a two-year limitation on filing an action for the death of an individual caused by the wrongful act of another. Cal. Civ. Proc. Code § 335.1. After the statute of limitations has expired, commencement of the action is barred. Cal. Civ. Proc. Code § 312.

Another concern is plaintiff, proceeding pro se, cannot legally represent her son's estate or his interests. *See Henderson v. Kaiser*, No. 6:24-cv-01690-AA, 2025 WL 358981, at *3 (D. Or. Jan. 31, 2025) ("Courts nationwide have consistently held that a *pro se* plaintiff may only represent themselves, not other individuals or entities, including estates of deceased individuals.").

Accordingly, plaintiff's complaint is dismissed. I will allow plaintiff an opportunity to amend her complaint before recommending that this action be dismissed. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal will result in a recommendation that this action be dismissed for failure to state a claim.

4. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE