UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TESSIEJARRA MACK,

Plaintiff,

v.

SACRAMENTO COUNTY MAIN JAIL, *et al.*,

Defendants.

Case No. 2:25-cv-3455-DJC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff Tessiejarra Mack alleges claims in her first amended complaint against defendants Sacramento County Main Jail, Sacramento Sheriff Jim Cooper, and the California Department of Public Health. Plaintiff has failed to remedy the deficiencies noted in my prior screening order, and thus I now recommend that this action be dismissed for failure to state a claim. I will also deny plaintiff's *in forma pauperis* application, as the court previously granted her application on October 9, 2026, and I will deny her motion for additional time to file an amended complaint because she filed her amended complaint on November 3, 2026.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The core allegations remain unchanged from plaintiff's initial complaint: plaintiff was the mother of Smiley Martin IV, who passed away on June 8, 2024, while housed at the Sacramento County Jail. ECF No. 5 at 11. Plaintiff alleges that her son was incarcerated due to a gang shooting that happened in Sacramento. *Id.* at 10. Despite the gang connection to the crime, plaintiff alleges that her son was housed with other gang inmates. *Id.* She further alleges that her son successfully sued the Sacramento County Jail for "conditions and treatment he experienced while incarcerated." *Id.* at 11. She claims that officers about whom her son in that lawsuit and on other occasions remained employed by the County while her son was still incarcerated. *Id.*

Plaintiff learned from her son that he feared retaliation and had safety concerns with respect to these officers. *Id.*

Finally, plaintiff alleges that there has been a lack of transparency following her son's passing. Specifically, she alleges that despite requesting her son's records concerning his medical conditions, injuries, treatment, housing placement, and events leading up to his death, the County has failed to provide those documents. *Id.* at 12.

The amended complaint continues to suffer from the same two deficiencies. First, plaintiff alleges that her son passed away June 2024, however, she did not file this lawsuit until October 2026. California state law prescribes a two-year limitation on filing an action for the death of an individual caused by the wrongful act of another. Cal. Civ. Proc. Code § 335.1. After the statute of limitations has expired, commencement of the action is barred. Cal. Civ. Proc. Code § 312. A larger issue is that plaintiff, proceeding pro se, cannot legally represent her son's estate or his interests. *See Henderson v. Kaiser*, No. 6:24-cv-01690-AA, 2025 WL 358981, at *3 (D. Or. Jan. 31, 2025) ("Courts nationwide have consistently held that a *pro se* plaintiff may only represent themselves, not other individuals or entities, including estates of deceased individuals.").

Because I find that plaintiff cannot state a claim, I recommend that the first amended complaint must be dismissed. Plaintiff has been afforded an opportunity to amend with notice of the above-discussed pleading deficiencies. Because she has failed to correct any such deficiency, dismissal with prejudice is appropriate. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("The district court's decision to dismiss the second amended complaint with prejudice was appropriate in light of [the] plaintiffs' repeated failure to cure the deficiencies in their pleadings.") (cleaned up).

Accordingly, it is ORDERED that:

1. Plaintiff's motion for additional time to file an amended complaint, ECF No. 4, is DENIED as moot in light of her amended complaint filed November 3, 2026.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is DENIED as moot in light of the court's grant of her previous application.

Further, it is hereby RECOMMENDED that

1. Plaintiff's first amended complaint, ECF No. 5, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE